# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANNIE M. SCALES,<br><br>               Plaintiff,<br><br>v.<br><br>CHRISTOPHER LALLI, *et al.*,<br><br>               Defendants. | 2:06-cv-00043-RCJ-LRL |

## REPORT & RECOMMENDATION

Annie M. Scales is suing Christopher Lalli, David Roger, and Lucinda Coumou for malicious prosecution. Acting *pro se*, plaintiff filed a Motion to Proceed *In Forma Pauperis* and Complaint on January 12, 2006 (#1). The undersigned United States Magistrate Judge has not ruled on the Motion. Instead, this Report and Recommendation is submitted.

## BACKGROUND

Scales claims her civil rights were violated during her misdemeanor trial on charges of stalking. The prosecutor in that trial was then Clark County Deputy District Attorney Lalli. A bench trial was held in the Las Vegas Justice Court on October 13, 1999 before then Justice of the Peace Jennifer Togliatti, who found Scales guilty as charged. Scales filed her first Complaint against Christopher Lalli on December 15, 2004. (*See* 2:04-cv-01710-KJD-RJJ, Docket No. 1). Lalli, represented by David Roger and Lucinda Coumou, filed a Motion to Dismiss on January 18, 2005. (2:04-cv-01710-KJD-RJJ, Docket No. 3). The Motion was granted by the Honorable Kent J. Dawson, who found that Scales' § 1983 Complaint was barred by a two-year statute of limitations, and that Lalli had prosecutorial immunity. (*See* 2:04-cv-01710-KJD-RJJ, Docket No. 7). Scales filed an appeal on July 21, 2004, and

the dismissal was affirmed. (*See* 2:04-cv-01710-KJD-RJJ, Docket Nos. 15, 30, 31). Scales' instant Complaint alleges the same cause of action, and adds David Roger and Lucille Coumou as defendants.

## DISCUSSION

### I. Res Judicata

Despite the previous dismissal, Scales filed the same suit against Lalli. Res judicata bars litigation in a subsequent action of any claim that was raised or could have been raised in the prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Res judicata is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties." *Id.* Scales' current § 1983 Complaint alleges the same conduct, arising from the same prosecution for which she sued in 2004. Thus, res judicata bars the present claim against Lalli.

### II. Remaining Claims Against David Roger and Lucinda Coumou

#### A. Failure to State a Claim Upon Which Relief May be Granted

Because plaintiff is proceeding *in forma pauperis*, this court must review the instant action. 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). Upon review the court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329–30 (1989). Moreover, "a court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984).

Pleadings prepared by *pro se* litigants should be held to less stringent standards and thus be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). However, "[p]ro se litigants must [still] follow the same rules of procedure as other litigants." *King*, 814 F.2d at 567 (citations omitted). In determining whether a plaintiff has satisfied Rule 12(b)(6), all material allegations in the complaint are accepted as true and are construed in the light most favorable to the plaintiff. *See Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980) (citations omitted).

Since filing the instant Complaint Scales has written 42 letters to the court. Scattered among her claims are allegations that the IRS stole from her in 2001 and 2002, but not in 2003 because the amount was not worth stealing (#3); that her son was discharged from the Air Force because of asthma, but there is nothing wrong with him (#4); that she committed no crime and was set up by Judge Togliatti (#10); and that the police, fire department, and some judges called lawyers and there may have been a plot to kill her (#16).

Scales allegations are "wholly fanciful" and therefore frivolous. *Franklin v. Murphy*, 745 F.2d at 1226. However, even if the court were to believe all of Scales' claims to be true, rather than delusional, she can prove no set of facts in support of her claims that would entitle her to relief. Moreover, an opportunity to amend is not warranted here as it is absolutely clear that the Complaint's deficiencies cannot be cured by amendment.

### B. Statute of Limitations

For purposes of the statute of limitations, courts consider § 1983 claims analogous to state personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 266–67(1985). Nevada law sets the statute of limitations for personal injury claims at two years. Nev. Rev. Stat. § 11.190(4)(e). Scales' misdemeanor trial took place on October 13, 1999. Therefore, the instant Complaint is time barred.

### C. Conspiracy Allegations

There are no specific factual allegations against Lucinda Coumou. David Rogers, Scales claims, is part of a conspiracy that began with the courts and judges at the state and federal levels.

3

(*See* Financial Affidavit (#7) at 8). Scales also claims that the fire and police departments are stalking and harassing her by blowing their sirens and laughing at her. (*Id.* at 5)

There are two essential elements of a § 1983 action: the plaintiff must show that (1) a person acting under color of state law committed the conduct at issue, and (2) the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir. 1988) (citations omitted). A plaintiff is also required to show a causal connection between the named defendants and the alleged constitutional deprivation. *Id.* at 633–34. In order to prove a conspiracy claim under § 1983, a plaintiff must provide material facts that show the existence of an agreement or "meeting of minds" to violate the plaintiff's constitutional rights. *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989).

Here, Scales contends that all branches of government at every level conspired to maliciously prosecute her for stalking. Scales has failed to set forth any facts, however, that would tie David Roger and Lucinda Coumou to the prosecution of her misdemeanor trial. Rather, Scales makes only conclusory allegations of conspiracy.

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that plaintiff's Application to Proceed *In Forma Pauperis* (# 1) be granted and the accompanying Complaint (# 1) be dismissed with prejudice.

DATED this 20th day of November, 2006.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**